## IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRES CORPORATION, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No._____ |
| : | |
| NEXTRES LLC, : | JURY TRIAL DEMANDED |
| and : | |
| MITCHELL AYZENBERG, : | |
| : | |
| Defendants. : | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Amres Corporation ("Amres"), files this Complaint against Defendants Nextres, LLC ("Nextres"), and Mitchell Ayzenberg (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. 101, *et seq*., and Pennsylvania common law. Amres alleges that Nextres and the Ayzenbergs used Amres' registered trademark (the "Amres Trademark") without authorization, used and continues to use a substantially similar version of the Amres Trademark as Nextres' own trademark, and made false and deceptive statements to numerous of Amres' customers, business partners, and affiliates, as well as to entities and individuals in the mortgage industry leading them to believe, wrongly, that Nextres is the new name for Amres by falsely stating that Amres is "in a transition phase to change our name to Nextres" and that Nextres is "an arm of Amres."

## PARTIES

2. Amres is a Pennsylvania corporation with its corporate headquarters located at 1 Neshaminy Interplex Drive, Suite 310, Feasterville-Trevose, PA 19053. Amres is in the business of mortgage origination, mortgage servicing, and other mortgage related services.

3. Upon information and belief, Nextres is a Delaware limited liability company with corporate offices located at 12 Penns Trail, Suite 138, Newtown, PA 18940. Nextres is in the business of mortgage origination, mortgage servicing, and other mortgage related services, and is a direct competitor of Amres.

4. Upon information and belief, Kirill Ayzenberg ("Kirk Ayzenberg") is the founder of Nextres who, until or around April of 2022, was a 50% owner of Amres, or in the process of winding down his duties as an officer of Amres. At this time Kirill is not being named a defendant.

5. Upon information and belief, Mitchell Ayzenberg ("Mitch Ayzenberg") is an officer, director or manager at Nextres who, until April 27th 2022, or thereabout, served as an officer or employee of Amres.

6. Upon information and belief, Kirk Ayzenberg is Mitch Ayzenberg's older brother.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. § 1, *et seq.*, and this Court has original subject-matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental subject-matter jurisdiction over Amres' state law claims pursuant to 28 U.S.C. § 1367(a).

8. Nextres is subject to personal jurisdiction within the Eastern District of Pennsylvania because it conducts business and has offices located in this District, and because, upon information and belief, Nextres has committed acts of infringement, unfair competition, and deceptive trade practices as alleged below in this District.

9. Kirk Ayzenberg is subject to personal jurisdiction within the Eastern District of Pennsylvania because he has encouraged, assisted, directed, supervised, and/or authorized acts of infringement, unfair competition, and deceptive trade practices as alleged below in this District, and if were to be added Defendant at a later date this Court would have personal jurisdiction over him.

10. Mitch Ayzenberg is subject to personal jurisdiction within the Eastern District of Pennsylvania because he has encouraged, assisted, directed, supervised, and/or authorized acts of infringement, unfair competition, and deceptive trade practices as alleged below in this District.

11. Venue is proper under 28 U.S.C. § 1391(b) and (c) because: (1) Nextres resides in this District; and (2) on information and belief, all or a substantial part of the events or omissions giving rise to Amres' claims against Defendants occurred in this District.

## THE AMRES TRADEMARK

12. Amres began its use of the Amres Trademark at least as early as June 30, 2021, and it is currently used on the Amres website, on its marketing materials, newsletters, letterhead, signature blocks, and business cards, and on each e-mail sent by any corporate employee or executive.

13. On February 8, 2022, Amres applied to the United States Patent and Trademark Office ("USPTO") to register the Amres Trademark, both as a color mark and also in black and white (i.e., without regard to color).

14. On March 14, 2023, the USPTO issued U.S. Trademark Registration Nos. 7,000,294 and 7,000,297 to Amres. *See* **Exhibit A** attached hereto and made a part hereof.

15. The Amres Trademark has become well-known insignia recognized and trusted by consumers, business partners, affiliates, and entities and individuals in the mortgage industry,

and indicates the source of the mortgage services posting record breaking profits exceeding 20 million USD.

## THE FORMATION OF NEXTRES

16. Kirk Ayzenberg and Stephen Mark Wilson ("Mark Wilson"), the current majority mortgage originating and servicing business they started over a decade ago.

17. Over the years, Amres grew, posting record revenue and profits. Upon information and belief, in 2020 or even sooner, Kirk Ayzenberg became less interested in sharing the profits of Amres with Mark Wilson and came up with the idea of owning and running his own entity that would be like Amres in all aspects, but one he would not have to share profits or control with Mark Wilson. Thus, Kirk Ayzenberg formed Nextres.

18. As a newly formed entity, Nextres would have to start from scratch in establishing and building brand recognition and relationships within the mortgage industry as Amres did about decade earlier.

19. Kirk Ayzenberg received a hefty payout from Amres and Mark Wilson pursuant to an Amres business divorce agreement in which Mark Wilson and Amres bought out all of Kirk Ayzenberg's interest in Amres, which agreement does not allow Kirk or Nextres to unfairly compete with Amres or to infringe, nor does it otherwise absolve either Mitch or Nextres from any liability imposed herewith.

20. Upon information and belief, Kirk Ayzenberg, however, was not interested in engaging in fair competition with Amres, or in starting from scratch with Nextes. Rather, Kirk Ayzenberg, with his brother, Mitch Ayzenberg, sought to wrongfully promote their newly formed entity while still with Amres and at the expense of Amres by engaging in a plan to exploit Amres' brand recognition, reputation, relationships within the mortgage industry for

warehouse bank lines, and market share, as they could for the benefit of Nextres without any compensation to Amres or Mark Wilson.

### THE AYZENBERGS' PLAN TO STEAL AMRES' CUSTOMERS

21. Kirk Ayzenberg had employed Mitch Ayzenberg as a Relationship Manager with Amres. Upon information and belief, Kirk Ayzenberg used Mitch Ayzenberg to spread false statements about Amres being affiliated with, or actually being renamed to Nextres and to ensure that these false statements were directed to existing and potential customers of Amres and to other persons important to Amres' business.

22. Mitch Ayzenberg used both the Amres Trademark alongside a Nextres trademark or directly underneath one another in e-mails to Amres' existing and potential customers and industry leaders, falsely stating that Amres is changing name to Nextres or that the two entities were affiliated. See Mitch Ayzenberg's e-mail to Oscar Financial attached as **Exhibit B.**

23. Nextres is not the new name for Amres nor is it related to or affiliated with Amres in any way, and all statements to the contrary in Mitch Ayzenberg's emails are utter falsities made with knowledge of their falsity in order to reap benefits of Amres' goodwill.

24. Upon information and belief, both Kirk Ayzenberg and Mitch Ayzenberg repeatedly made false statements of an affiliation between Nextres and Amres. *See* Mitch Ayzenberg's e mail of April 25, 2022, to at least 29 executives and professionals in the industry attached as **Exhibit C** , stating, in relevant part:

" *I am an AE [Account Executive] with Amres corp., and we are currently in transition phase to change our name to Nextres Corporation, and as well as some of the products we will be offering. I wanted to reach out because products and services we offer may be a benefit to you and your business*".

25. By April 22, 2022, Mitch Ayzenberg falsely stated to Amres' existing customers and partners that Amres merely had a different website, and that their credentials, (to which Ayzenbergs were unlawfully privy to), will remain the same, as means of stealing business relationships and customers through deception surrounding the origin of the services:



*See* April 22, 2022 email attached as **Exhibit D**

26. Upon information and belief, in the spring of 2022, the Nextres' website began to feature a logo that was confusingly similar to the Amres Trademark. Specifically, the logo adopted by Nextres utilized the same color scheme, a similar font, and similar design elements, all for the specific purpose of creating and sustaining a false association with Amres. As example of this logo is shown below:



See Ex. E

27. The Nextres logo continues to appear on the Nextres website resulting in ongoing harm to the Amres Trademark and the goodwill associated therewith.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

28. Amres re-alleges and incorporates by reference all preceding paragraphs.

29. Defendants' unauthorized use of the Amres Trademark is likely to cause, and has caused, confusion or mistake, or is likely to deceive others into believing that Nextres' mortgage services are sponsored by, approved by, or otherwise affiliated with Amres.

30. Defendants' adoption and use of a mark that is a confusingly similar to the Amres Trademark is likely to cause, and has caused, confusion or mistake, or is likely to deceive others into believing that Nextres' mortgage services are sponsored by, approved by, or otherwise affiliated with Amres.

31. Defendants' acts, as alleged in this Complaint, constitute infringement of Amres' registered Amres Trademark under 15 U.S.C. § 1114.

32. Amres is entitled to recover Nextres' profits, any damages sustained by Amres, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest under 15 U.S.C. § 1117.

33. Defendants' willful and intentional acts of trademark infringement have caused and will continue to cause irreparable injury and damage to Amres' business and to its accumulated customer goodwill and reputation. This damage cannot be quantified and, if allowed to continue, will leave Amres with no adequate remedy at law. Amres is entitled to preliminary and permanent injunctive relief to prevent further acts of trademark infringement, and to any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116 and due to the irreparable injury to Amres resulting from Defendants' acts.

## COUNT II

## FALSE ADVERTISING/UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

34. Amres re-alleges and incorporates by reference all preceding paragraphs.

35. Defendants created and maintained a false association between Nextres and Amres through false statements suggesting that Nextres was the new name for Amres for the purpose of stealing existing and potential customers of Amres.

36. Such false association and false statements constitute false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

37. Amres is entitled to recover Nextres' profits, any damages sustained by Amres, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest under 15 U.S.C. § 1117.

38. Defendants' willful and intentional acts of false advertising and unfair competition have caused and will continue to cause irreparable injury and damage to Amres' business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified and, if allowed to continue, will leave Amres with no adequate remedy at law. Amres is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition, false designation of origin, and false description, and to any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116 and due to the irreparable injury to Amres resulting from Defendants' acts.

## COUNT III

## PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT

39. Amres re-alleges and incorporates by reference all preceding paragraphs.

40. Because of Amres' extensive use and promotion of the Amres Trademark, Amres has obtained a protected right to the exclusive use of the Amres Trademark in connection with mortgage services, both in the Commonwealth of Pennsylvania and elsewhere in the United States.

41. Defendants' use of the Amres Trademark is likely to cause, and has caused, confusion or mistake, or is likely to deceive others into believing that Nextres' mortgage services are sponsored by, approved by, or otherwise affiliated with Amres.

42. Defendants' adoption and use of a mark that is a confusingly similar variation of the Amres Trademark is likely to cause, and has caused, confusion or mistake, or is likely to deceive others into believing that Nextres' mortgage services are sponsored by, approved by, or otherwise affiliated with Amres.

43. Defendants' acts, as alleged in this Complaint, constitute infringement of Amres' common law rights in the Amres Trademark.

44. As the direct and proximate result of Defendants' infringement of Amres' common law trademark rights under Pennsylvania common law, Amres has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## COUNT IV

### BREACH OF FIDUCUARY DUTY OF CARE AND LOYALTY

45. Amres re-alleges and incorporates by reference all preceding paragraphs.

46. Mitch Ayzenberg was an officer or employee of Amres.

47. As a result of his position with Amres, Mitch Ayzenberg owed Amres both a fiduciary duty of care and a duty of loyalty.

48. Right after June of 2022, or before Mitch became an officer, director, or manager at Nextes.

49. Mitch Ayzenberg breached those duties by spreading false information to important business contacts of Amres as shown in Exhibits C, D, and E, as well as customers and potential customers of Amres, falsely claiming that Amres was changing its name to Nextres.

50. Mitch Ayzenberg systematically spread false information in order to cause customers of Amres to unwittingly migrate their business to Nextres. Mitch Ayzenberg used his Amres e-mail account and title to lend credibility to his premediated falsities.

51. Mitch Ayzenberg took all actions alleged above for the benefit of his new employer, Nextres.

52. Mitch Ayzenberg's conduct as alleged above constituted a breach of the fiduciary duty he owed to Amres.

53. As a direct and proximate result of Mitch Ayzenberg's conduct as alleged above, Amres suffered significant damages, the full extent of which is yet to be determined.

54. Nextres is vicariously liable for the actions of Mitch Ayzenberg who breached his fiduciary duty and duty of loyalty to his previous employer, Amres, in furtherance of the interests of his future employer.

**RELIEF SOUGHT**

Amres seeks the following relief:

1. That Defendants be enjoined from all trademark infringement and from making any false association with Amres;

      2.      That Defendants be required to give Amres a complete list of parties to whom it has sold, offered to sell, provided or offered to provide, directly or indirectly, mortgage services infringing Amres' rights;

      3.      That Defendants be directed to file with this Court, and serve upon Amres within 30 days after the service of an injunction, a written report under oath detailing the manner and form in which Defendants have complied with the injunction;

      4.      That Amres recover all damages suffered from Defendants' acts, including any available punitive damages, federal or state statutory damages, or actual damages and Nextres' profits;

      5.      That Amres recover enhanced damages;

      6.      That Amres recover its reasonable attorney fees, costs, and disbursements;

      7.      That Amres recover such other relief as the Court deems just and proper, and;

Dated: February 23rd 2024

            Law Office of Predrag Filipovic
            StopRipoff.com
             PA Bar Id: 312568;
             **NJ** Bar Id 029312011
             230 S Broad St. Ste 36,
             18th fl. Philadelphia, PA
             19102
            Tel: 267-265-0520; Fax: 215-974-7744
            StopRipoff.com;
            PFEsq@ifight4justice.com;

*Pedj Filipvic Esq.*

            <u>Attorneys for Plaintiff</u>