IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMRES CORPORATION,**<br>    Plaintiff,<br><br>    v.<br><br>**NEXTRES LLC and**<br>**MITCHELL AYZENBERG,**<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO.  24-824 |

MEMORANDUM

**HODGE, J.**                                                                                                              **January 9, 2025**

Amres Corporation ("Plaintiff") has filed this case against Nextres LLC ("Nextres") and Mitchell Ayzenberg ("Mitch") (collectively, "Defendants") for Trademark Infringement under 15 U.S.C. § 1125(a), False Advertising and Unfair Competition under 15 U.S.C. § 1125(a), Trademark Infringement under Pennsylvania Common Law, and Breach of Fiduciary Duty of Care and Loyalty under Pennsylvania Common Law. (*See generally* ECF No. 8.) Defendants have filed a Motion to Dismiss and Strike "(the Motion"). (ECF No. 15.) Upon review of the pleadings and the arguments made during oral argument, the Court **GRANTS IN PART** the Motion and **DENIES IN PART** the Motion as **MOOT.**

I.    **BACKGROUND**[1]

Kirk Ayzenberg ("Kirk") founded Amres Corporation ("Amres"), a mortgage company, with Mark Wilson ("Mark").  Both Kirk and Mark were co-owners of Amres.  In or around April 2022, Kirk and Mark decided to mutually part ways with each other, resulting in the creation of a Business Divorce Agreement ("Agreement"). Pursuant to this Agreement, Kirk's interest and role as an officer and owner of Amres was bought out by Mark, individually, and the Plaintiff, Amres.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

The Agreement contained several provisions related to the transfer of certain domains, information, employees, divisions of Amres, and other specific terms that governed the separation of Kirk from Mark and Amres. (*See* ECF No. 15, Ex. A.) At a point in time following Kirk and Mark agreeing to part ways, Kirk founded a new business, Nextres, which, according to the Agreement, was set to inherit the commercial mortgage portion of Amres' business. (*See* ECF No. 15, Ex. A.) Mitch Ayzenberg is the older brother of Kirk who worked as a relationship manager at Amres. (ECF No. 8, at 2, 5.) Plaintiff alleges that Kirk either colluded with or used his brother and co-defendant, Mitch, to spread false statements to Amres clients/customers about Amres being affiliated with Nextres. Plaintiff alleges that these false statements included claims that the two entities, Amres and Nextres, were affiliated and that Amres will be renaming and transitioning to Nextres. In addition, Plaintiff claims the logos used by Amres and Nextres are so similar as to create confusion to current and potential clients and, thus, infringes on Amres' brand.

Defendants refute the Plaintiff's claims on multiple bases. First, Defendants allege that the use of the Amres logo was a simple, standard, and inconsequential part of Mitch's regular email signature as an employee. Additionally, Defendant's state the content of the emails from Mitch to certain clients indicate that "Ambridge" (a subdivision of Amres), not Amres, is changing its name. Moreover, Defendants allege that these communications were allowed pursuant to the Agreement. Lastly, the Defendants allege the use of the alleged Amres trademark predated the registering of the trademark, which was registered almost a year after the emails from Mitch, attached to the Amended Complaint as the evidence of the infringing conduct, were sent.

## II. LEGAL STANDARD

### a. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan* v. *Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* But, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse* v. *Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Plaintiffs cannot prove facts they have not alleged. *Associated Gen. Contractors of Cal.* v. *Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Thus, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. Rather, a complaint must recite factual allegations enough to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.*

### b. Motion to Strike

The relevant standard for determining whether to grant a motion to strike is contained within Rule 12(f) of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 12(f). The Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*; *see also DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007). However, motions to strike are generally disfavored. *Id.* In order to prevail

on a motion to strike, the moving party must demonstrate that either "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or that the allegations confuse the issues." *DeLa Cruz*, 521 F. Supp. 2d at 428-29 (internal citations omitted). The Court has considerable discretion in disposing of a motion to strike. *Id.*

### c. Motion to Stay

In determining whether a motion to stay should be granted because a pending state-court proceeding involves the same subject matter, the Court considers the abstention doctrine articulated in the case of *Colorado River Water Conservation Dist. v. United States*. 424 U.S. 800, 817 (1976). The considerations that the Court in *Colorado River* discusses are those of "wise judicial administration [and] giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The Court in *Colorado River* provided a four-prong test or factors that the Court must consider in determining whether to abstain: (1) whether the state court assumed *in rem* jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id.*, at 196. This Court will apply those factors in the analysis that follows below on this issue.

### III. DISCUSSION

The Defendants make multiple arguments in their Motion to Dismiss which the Court will enumerate here: (1) Defendants move to include the Agreement in their pleadings without converting their Motion into a Motion for Summary Judgment; (2) Defendants move to dismiss the matter as venue is improper under the Agreement; and (3) Defendants move to dismiss for

failure to state a claim. The Court, in addition to the Motion to Dismiss, will consider the Motion to Strike and Motion to Stay included in Defendants' pleading.

1. **Motion to Dismiss**

    a.  *Inclusion of the Business Divorce Agreement without Converting the Rule 12(b)(6) Motion to Dismiss to a Rule 56 Motion for Summary Judgment.*

The threshold question in evaluating Defendants' Motion to Dismiss is whether to consider the Agreement attached to the Motion. (*See* ECF No. 15, Ex. A.) "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). However, there is an exception to the general rule when the document attached to a motion to dismiss is integral or explicitly relied upon in the complaint, only then can a document be considered without converting the motion into one for summary judgment. *Id.* The purpose of the rule against inclusion of documents is lack of notice to a plaintiff. *Id.* Where a plaintiff has actual notice and has relied upon those documents in framing the complaint, that concern is dissipated. *Id.* "It is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to [their] complaint." *Id.*, at 250.

Defendants argue that, because the Complaint specifically alleges that "the agreement does not allow Kirk or Nextres to unfairly compete with Amres or to infringe, nor does it otherwise absolve either Mitch or Nextres from any liability imposed herewith," they should be able to present the document in their Motion. Defendants argue that the Court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (ECF No. 15, at 11) (citing *Pension Benefit*

*Guar. Corp.*, 998 F.2d at 1196-97 (3d Cir. 1993)). Defendant also argues that because the contents of the agreement establish the right that the Plaintiff has infringed, the document should be considered by the Court. (*Id.*) (citing *Lepore v. SelectQuote Ins. Serv.*, 2023 WL 8469761, at *2 (3d Cir. 2023)).

Plaintiff argues that the Agreement was not mentioned in the Complaint nor in the Amended Complaint. As a result, the Complaint could not have relied upon such a document. Plaintiff therefore argues that the Agreement should not be incorporated. However, Plaintiff explicitly cites the Agreement within their Amended Complaint and did not dispute that fact in its briefing or during oral argument. The Amended Complaint says: "Kirk Ayzenberg received a hefty payout from Amres and Mark Wilson pursuant to an Amres business divorce agreement in which Mark Wilson and Amres bought out all of Kirk Ayzenberg's interest in Amres, which agreement does not allow Kirk or Nextres to unfairly compete with Amres or to infringe, nor does it otherwise absolve either Mitch or Nextres from any liability imposed herewith." (ECF No. 8, at ¶19.) Considering the arguments made by the parties in their pleadings along with those made at oral argument, the Court holds that the Agreement is properly incorporated without conversion of a Rule 12 (b)(6) motion to a Rule 56 motion for summary judgment as the Agreement is integral to the Amended Complaint. Moreover, this Court finds that the Agreement was relied upon in the filing of the complaint and, thus, comes as no surprise to the Plaintiff. The Agreement outlines the rights and obligations of Amres and Mark as it relates to Kirk and his designated business entity. Additionally, it outlines which portions of Amres' business will be transferred and what actions Kirk is allowed to take with respect to his new business. This is inherently integral and shall be incorporated, especially considering that it was explicitly cited in Plaintiff's Amended Complaint.

b.  *Motion to Dismiss for Failure to State a Claim*

i.      15 U.S.C. § 1125(a)

Plaintiff makes two distinct claims, Count I and Count II, under the same statute, 15 U.S.C. § 1125(a). (*See* ECF No. 8.) Plaintiff makes a trademark infringement claim (Count I) and a False Advertising/Unfair Competition claim (Count II). (*See* ECF No. 8.) The bases of liability included within the scope of 15 U.S.C. § 1125(a), however, are limited to false association and false advertising. *See Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 225-26 (3d Cir. 2017).

Section 1125(a)(1)(A) prohibits "false or misleading claims that are likely to cause confusion, or to cause mistake, or to deceive as to ... the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]" *Id.* Claims made under Section 1125(a)(1)(A) are often called "false designation of origin" or "false association" claims. Claims made under Section 1125(a)(1)(B) are called false advertising claims. This Section forbids "commercial advertising or promotion" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]" 15 U.S.C. § 1125(a)(1)(B). This Court notes that the Third Circuit recognizes some litigants may be tempted to bring a false association claim as a false advertising claim in order to alleviate the evidentiary burden required for proving a false association claim. *Parks*, 863 F.3d at 226. This, however, is forbidden and claims attempting to present themselves as false advertising when they are, in fact, false association claims, should be dismissed unless a plaintiff meets the evidentiary burden required of a false association claim.

As noted in *Parks*, a misrepresentation is only actionable if it misrepresents the characteristics of the good itself, not the source of ideas embodied in the object. *Id.* (citing *Kehoe Component Sales Inc. v. Best Lighting Prod.*, 796 F.3d 576, 590 (6th Cir. 2015)). Because the

present cause of action lies in the allegedly false association between Amres and Nextres, not about the characteristics of the good itself, this case falls under the heading of a false association case and not one of false advertising.

Now, turning to the false association claim, to be successful a plaintiff must prove that "(1) the marks are valid and legally protectable; (2) the marks are owned by the plaintiff; and (3) the defendant's use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Parks*, 863 F.3d at 230 (citing *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991)). After hearing the arguments of the parties coupled with the briefings and attached exhibits, Plaintiff has not pled any facts satisfying any of the prongs required of a false association claim. Aside from attaching screenshots of the Amres and Nextres logo, Plaintiff offers no facts that establish that the trademark was at the time it was transmitted by the Defendants, valid and legally protectable,[2] or that the use of the marks would or did create confusion.

For the reasons stated above and the reasons articulated during oral argument, the Court grants Defendants' Motion to Dismiss as to Counts I and II. As a result of this Court's decision to dismiss Counts I and II, the Court is divested of its federal question jurisdiction in the present case and there is no diversity jurisdiction asserted. *See* 28 U.S.C. § 1331. Because there is no jurisdictional basis for the remaining claims in this case, the Court dismisses the remaining counts, Count III and IV without prejudice.

      ii.      Mitch Ayzenberg's Duties as an Employee

---

[2] Plaintiff notes that there is a valid trademark with the United States Patent and Trademark Office. (ECF No. 8-1). However, this trademark was registered in March of 2023. The alleged infringing conduct by Defendants took place or was completed prior to receiving this legally cognizable trademark and, therefore, the receipt of this trademark in March of 2023 is irrelevant.

Even if this Court were to have jurisdiction over Count IV, Count IV would not survive as Mitch was not an officer in Amres and did not owe any fiduciary duties to Amres. Defendants move to dismiss individual claims against Mitch because he, as an employee, did not owe any fiduciary duties at Amres. Defendants assert that Mitch was a relationship manager, or a standard loan originator with Amres. (ECF No. 16, at 15.) Defendants argue that "an employer-employee relationship does not, in and of itself, give rise to a fiduciary relationship." *Wasseff v. Nat'l Inst. of Health*, 2017 WL 495795, at *12 (E.D. Pa. 2017) (citing *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1133 (E.D. Pa. 1991)).

Plaintiffs claim that Mitch "[u]pon information and belief . . . served as an officer or employee of Amres." (ECF No. 8 at 2.) During oral argument, Plaintiff was unable to clarify whether Mitch was, in fact, an officer or employee of Amres, despite being the alleged employer of Mitch. Therefore, taking the facts in favor of the Plaintiff, and finding there is no clear plausible statement on the record by the entity who, the Court believes has the ability to state with clarity, as to whether Mitch was an employee or an officer, the Court cannot find that there was any fiduciary duty between Mitch and Amres. Plaintiffs allege that Mitch was not a named officer, but undertook the responsibilities that an officer would, therefore making him an officer. When asked for examples, Plaintiff alleged that Mitch communicated with clients therefore making him a de facto officer. The Court disagrees. Nothing on the record, in the complaint, nor anything presented during oral argument could support the contention that Mitch was an officer of Amres. The Court agrees with other decisions made by this Court that "an employer-employee relationship does not, in and of itself, give rise to a fiduciary relationship." *Wasseff v. Nat'l Inst. of Health*, 2017 WL 495795, at *12 (E.D. Pa. 2017) (citing *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1133 (E.D. Pa. 1991)). As a result of the reasons stated herein along with those articulated during oral

argument, all claims against Mitchell Ayzenberg for Count IV, Breach of Fiduciary Duty of Care and Loyalty, are dismissed.

      c.  *Venue Motion, Motion to Stay, Motion to Strike*

           i.    Venue

Defendants argue that, pursuant to the Agreement, venue is improper here. The provision, in relevant part, states:

> The parties agree the validity, interpretation, construction and performance of this agreement being governed by the laws of the Commonwealth of Pennsylvania, and further, if mediation does not resolve disputed issues, then the parties further agree that jurisdiction and venue for any and all unresolved disputes of said agreement shall be in the Court of Common Pleas of Bucks County, Pennsylvania including any injunctive relief sought by the parties.

(ECF No. 15, Ex. A.). Defendants claim that this provision is dispositive on this issue. Plaintiff does not address the issue of venue, except by stating that the parties to this litigation are not parties to the Agreement. While the Court acknowledges the argument, the Court need not reach a determination on this issue as the Motion to Dismiss is being granted.

           ii.    Motion to Stay

Defendants argue that this matter should be stayed pending the two parallel proceedings taking place in Bucks County (Pennsylvania). In determining whether a parallel proceeding favors abstention by this Court to take action and, thus, supporting a basis for a stay to be granted, Defendants argue that the cases must involve the same parties and claims, and the claims must be litigated simultaneously. Defendants further argue, however, that the parties and claims need not be completely identical and that, rather, when the *identity* of the parties and claims are similar, then abstention is warranted. (ECF No. 15, at 23) (citing *Bridge Acquisitions, LLC v. Twp. Of Lopatcong*, 2021 U.S. Dist. LEXIS 219136, at *12 (D. N.J. 2021)). After a Court determines that the proceedings are parallel, then the Court reviews the factors stated in *Colorado River*.

Defendants argue that the parties are the same in the Bucks County proceeding, and the counterclaims are similar. Plaintiff makes conclusory statements that "the existence of parallel state court litigation has not, and cannot, be satisfied in this case." (ECF No. 16, at 10).

While the Court felt it appropriate to note the arguments presented by the parties on this issue of whether or not a stay is warranted in this matter, similar to what the Court has stated above, it need not reach the issue of staying this case. Since the Court is granting the Motion to Dismiss, the Motion to Stay is denied as moot.

### iii. Motion to Strike

This Court need not address the issue of striking parts of the Amended Complaint as the Motion to Dismiss is being granted. As a result, the Motion to Strike is denied as moot.

## IV. CONCLUSION

For the reasons set forth herein along with the reasons articulated by the Court during oral argument, the Court grants the Motion to Dismiss. This case will be dismissed without prejudice. An appropriate order will follow.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.